**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF ALABAMA**
**SOUTHERN DIVISION**

| | | |
|---|---|---|
| **NAFANZO E. GLASS** | ) | |
| | ) | |
| **Petitioner,** | ) | |
| | ) | |
| **vs.** | ) | **CIVIL NO. 10-mc-00027-CG-B** |
| | ) | |
| **KRISHNA KRUPA, LLC,** | ) | |
| | ) | |
| **Co-Petitioner** | ) | |
| | ) | |

**ORDER**

On September 8, 2010, Nafanzo E. Glass ("Glass") and Krishna Krupa, LLC d/b/a

Days Inn – Demopolis ("Days Inn") filed a joint petition for this court to approve their Fair

Labor Standards Act ("FLSA") settlement agreement. (Doc. 1). This settlement agreement

provides that Days Inn will pay a total of $9,000 to Glass, an amount which includes

payment for unpaid wages, liquidated damages, and an extra amount "as consideration for

the comprehensive release of claims other than FLSA, and for confidentiality." (Id., p. 2-

3). The settlement contains a confidentiality provision that states in part "[a]s additional

and integral consideration for the settlement payment, [Glass] further agree[s] and covenant

that the fact of this settlement and Agreement and each and all of the terms and conditions

of this Agreement, including, but not limited to, the existence of and amount of the

settlement payment, shall be and forever shall remain confidential and will never be

disclosed by the undersigned to any person or entity, including, but not limited to, any

news media." (Id., pp. 7-8).

Pursuant to <u>Lynn's Food Stores, Inc. v. United States Dept. of Labor</u>, 679 F.2d 1350, 1353 (11th Cir. 1982), judicial review and approval of FLSA settlements is necessary to give it final and binding effect.  Before approving an FLSA settlement, the court must first scrutinize it to determine if it is "a fair and reasonable resolution of a bona fide dispute."  <u>Id.</u> at 1354-1355.  If the settlement reflects a reasonable compromise over the issues that are actually in dispute, the Court may approve the settlement "in order to promote the policy of encouraging settlement of litigation."  <u>Id.</u> at 1354.

This court finds that the parties settlement agreement is due to be rejected as unreasonable because it contains a confidentiality provision.  As stated by the District Court for the Middle District of Florida,

> …a confidentiality provision furthers resolution of no bona fide dispute between the parties; rather, compelled silence unreasonably frustrates implementation of the "private-public" rights granted by the FLSA and thwarts Congress's intent to ensure widespread compliance with the statute. To further Congress's intent, the Department of Labor requires the employer of an employee covered by the FLSA to display conspicuously in the workplace a detailed notice of the employee's FLSA rights.  By including a confidentiality provision, the employer thwarts the informational objective of the notice requirement by silencing the employee who has vindicated a disputed FLSA right.

> Furthermore, Section 15(a)(3) of the FLSA proscribes an employer's retaliating against an employee for asserting rights under the FLSA.  If an employee covered by a confidentiality agreement discusses the FLSA with fellow employees or otherwise asserts FLSA rights, the employer might sue the employee for breach of contract.  The employer's most proximate damages from the employee's breach are the unpaid FLSA wages due other employees who learned of their FLSA rights from the employee who breached the confidentiality agreement.  A confidentiality agreement, if enforced, (1) empowers an employer to retaliate against an employee for exercising FLSA rights, (2) effects a judicial confiscation of the employee's right to be free from retaliation for asserting FLSA rights, and (3) transfers to the wronged employee a duty to pay his fellow employees for the FLSA wages unlawfully withheld by the employer.  This unseemly prospect vividly displays the inherent impropriety of a confidentiality agreement in settlement of an FLSA dispute.

A confidentiality provision in an FLSA settlement agreement both contravenes the legislative purpose of the FLSA and undermines the Department of Labor's regulatory effort to notify employees of their FLSA rights.

Dees v. Hydradry, Inc., 706 F.Supp.2d 1227, 1242 (M.D.Fla. 2010).

While the additional consideration paid to Glass may satisfy the above concerns of retaliation by Days Inn against Glass, this additional amount does not remedy this court's concern about the possible frustration of the notice requirement to other employees.

## CONCLUSION

After due consideration of all matters presented and for the reasons set forth herein, it is **ORDERED** that the parties' Joint Petition to Approve FLSA Settlement Agreement is **DENIED**. The parties may move for approval of an amended settlement agreement without a confidentiality provision on or before November 5, 2010.

**DONE and ORDERED** this 15th day of October, 2010.

/s/ Callie V. S. Granade
UNITED STATES DISTRICT JUDGE